```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

BRIAN COX and LTC POWER
SOLUTIONS, LLC,

      Plaintiffs,

v.                                    Case No:  2:24-cv-1047-JES-KCD

SUNBELT RENTALS, INC.,

      Defendant.

_____

## OPINION AND ORDER

In this declaratory judgment action filed November 13, 2024, Brian Cox ("Cox") and LTC Power Solutions, LLC ("LTC") (collectively "Plaintiffs") seek a declaration as to the invalidity of several restrictive covenants in contracts that Cox and other LTC employees signed with their former employer, Sunbelt Rentals, Inc. ("Defendant" or "Sunbelt"). (Doc. #1.) In an action filed a month earlier, on October 10, 2024 (Sunbelt I, No. 2:24-cv-947), Sunbelt claims damages for Plaintiffs' purported breach of a non-solicit provision (Section 5.2.1) that appears in the same contracts. (Doc. #1; Doc. #47.)

This matter now comes before the Court on the Motion to Dismiss (Doc. #11) filed by Defendant.  Plaintiffs filed a Response in Opposition (Doc. #16.)  With leave of Court, Defendant filed a Reply in Support (Doc. #19.)  For the reasons set forth below, the motion is **DENIED.**

When analyzing a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and take them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). A court assessing a motion to dismiss may consider extrinsic materials if they are "(1) central to [a] plaintiff's claims; and (2) undisputed, meaning that [their] authenticity is not challenged." Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024).

Sunbelt sent Plaintiffs two demand letters, on September 6 and September 20, 2024. (Docs. ##1-3, 1-4.) Those letters invoked multiple non-compete and non-solicit provisions from Sunbelt's contracts with former employees who have since joined LTC. (Id. at 1.) Each letter concluded by asserting that Sunbelt "intends to take all necessary and legal actions to protect its rights, up to and including filing a lawsuit." (Id. at 2.) On October 3, 2024, a mere two weeks after sending the last letter, Sunbelt sued Plaintiffs in state court. Sunbelt I (Doc. #1.)

Sunbelt first contends that Plaintiffs lack standing to seek declaratory relief. Sunbelt acknowledges that "[t]he threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based." (Doc. #19, p. 3 (quoting Spectra Chrome, LLC v. Happy Jack's Reflections

in Chrome, Inc., 2011 WL 1337508 (M.D. Fla. Apr. 7, 2011)). Sunbelt also acknowledges that Plaintiffs have standing to seek declaratory relief as to Section 5.2.1. (Id. at 2, 7.) Sunbelt contends, however, that its letters were just "an invitation to discuss Plaintiffs' actions and obligations — not a threat of imminent litigation." (Doc. #19, p. 4.)

Sunbelt has an unusual way of inviting discussion – by threatening a lawsuit and initiating one within weeks. Moreover, this declaratory action was filed on November 13, 2024, over a month after Sunbelt had sued Plaintiffs. Sunbelt II (Doc. #1.) By that point, LTC had already hired Cox and at least two other former Sunbelt employees, appeared intent on hiring others, and was engaged (at least in part) in the potentially competing business of renting generators. LTC reasonably took Sunbelt at its word that it "intends to take all necessary and legal actions to protect its rights, up to and including filing a lawsuit."

In short, at the time of filing, there was a "justiciable controversy" regarding Plaintiffs' and Defendant's rights under the various restrictive covenants at issue. GTE Directories Pub. Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1568 (11th Cir. 1995) (holding that a justiciable controversy existed where "[plaintiff] wished to engage in the specific conduct of contacting [defendant's] customers, and [defendant] claimed any such contact would result in a lawsuit against [plaintiff]"). Therefore, the

Court **DENIES** Sunbelt's motion to dismiss.

Sunbelt next asserts that the present declaratory judgment action should be dismissed or stayed as it is "duplicative" of Sunbelt's earlier breach of contract action. (Doc. #11, pp. 4-6, 9-10.) On this point, the parties agree. Plaintiffs assert that they "intend[ed] to file a Motion to Consolidate the two actions," but could not do so previously, as "a motion to consolidate [would have been] improper" after the Court's dismissal of the complaint in Sunbelt I. (Doc. #16, p. 15.) Thus, Plaintiffs requested that the present action "not be dismissed . . . to allow [them] to file a motion to consolidate if and when Sunbelt file[s] an amended complaint in [Sunbelt I]." (Id.)

Sunbelt has since filed an amended complaint in that action. Sunbelt I, (Doc. #47.) Plaintiffs may file a motion to consolidate, or the parties may file a joint motion to consolidate. Since consolidation would render moot what remains of this procedural dispute, the Court **DENIES** the remainder of Sunbelt's motion to dismiss pending the filing of a motion to consolidate.

Accordingly, it is now

**ORDERED:**

1. Defendant Sunbelt Rentals, Inc.'s Motion to Dismiss (Doc. #11) is **DENIED.**

2. Plaintiffs Brian Cox and LTC Power Sols., LLC may file a motion to consolidate in either action within **twenty-one**

**(21) days** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of March 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

- 5 -